## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

C & S PROPERTIES – I, LLC                 CIVIL ACTION

VERSUS                            NO. 24-462

FOREMOST INSURANCE COMPANY       SECTION: D (5)
GRAND RAPIDS, MICHIGAN

### <u>ORDER AND REASONS</u>

Before the Court is a Motion to Dismiss Pursuant to Federal Rule 12, filed by defendant Foremost Insurance Company Grand Rapids, Michigan ("Foremost").[1] C & S Properties – I, LLC ("Plaintiff") opposes the Motion,[2] and Foremost has filed a Reply.[3] After careful consideration of the parties' memoranda and the applicable law, the Motion is **GRANTED.** The Court, however, will grant Plaintiff's request for leave to amend its state court petition to address the deficiencies raised in the Motion.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

This case arises from a dispute over Hurricane Ida insurance claims concerning three properties owned by Plaintiff. The three properties are located in Loranger, Louisiana and have the following addresses: (1) 23349 Highway 1062; (2) 23387 Highway 1062; and (3) 23395 Highway 1062.[4] The properties were each covered by separate insurance policies issued by Foremost when they were damaged by Hurricane Ida in August 2021.[5] Plaintiff claims that it submitted timely notice of

---

[1] R. Doc. 7.
[2] R. Doc. 10.
[3] R. Doc. 12.
[4] R. Doc. 1-2 at ¶ 5.
[5] *Id.* at ¶ 6.

the loss to Foremost.[6]  Plaintiff alleges that, upon notification of the loss, Foremost "performed inspection(s) of the loss and damage to the Insured Properties, and/or received satisfactory proof of loss and damage from Plaintiff."[7]  Plaintiff alleges that, while Foremost has been in possession of sufficient evidence of the losses or had the opportunity to fully apprise itself of the actual losses and damages, it has failed to pay the amount due under the policies in the time required by Louisiana law.[8]  Plaintiff asserts that Foremost's failure to pay constitutes a breach of the insurance contracts at issue and bad faith under the Louisiana Insurance Code, specifically La. R.S. 22:1892 and La. R.S. 22:1973.[9]

On or about August 29, 2023, Plaintiff filed a Petition for Damages in Louisiana state court against Foremost, asserting claims under Louisiana law for breach of contract and bad faith damages.[10]  Foremost removed the matter to this Court on February 22, 2024, on the basis of diversity jurisdiction.[11]  Along with a copy of the state court Petition, Foremost submitted with its Notice of Removal two repair estimates for the properties located at 23349 Highway 1062 and 23387 Highway 1062[12] to support its allegations regarding subject matter jurisdiction.

Foremost filed the instant Motion to Dismiss on March 1, 2024, seeking to dismiss Plaintiff's claims based upon the improper cumulation of claims and because

---

[6] *Id.* at ¶ 9.
[7] *Id.* at ¶ 10.
[8] *Id.* at ¶¶ 12–19.
[9] *Id.* at ¶¶ 20-28.
[10] R. Doc. 1-2.
[11] R. Doc. 1.
[12] R. Docs. 1-3 & 1-4.

the Petition fails to state a claim for which relief can be granted.[13] Foremost attached three exhibits to its Motion, which are copies of claim notes and the insurance policies applicable to each property at issue in this case.[14] Plaintiff argues that its claims should not be dismissed, as it has alleged sufficient facts to support each claim, and further asserts that it was not required to file a separate lawsuit concerning each piece of property.[15] Plaintiff also objects to and moves to strike consideration of Foremost's exhibits, except for the portions thereof that contain the insurance policies at issue, because they fall outside the scope of the documents that a court can consider in the context of a Rule 12(b)(6) motion.[16] Specifically, Plaintiff points out that the claim notes are not attached to or referenced in Plaintiff's state court Petition, and asserts that they are not central to Plaintiff's claims.[17] Alternatively, if the Court finds that Foremost's Motion has merit, Plaintiff requests the opportunity to amend its Petition to address the deficiencies raised by Foremost.[18]

In response, Foremost maintains that the Court can consider the claim notes and that Plaintiff's Petition fails to meet the minimum pleading standards imposed by Fed. R. Civ. P. 8 and 10.[19]

---

[13] R. Doc. 7.
[14] R. Docs. 7-2, 7-3, & 7-4.
[15] R. Doc. 10.
[16] *Id*. at pp. 1–2.
[17] *Id*. at p. 2.
[18] *Id*. at p. 8.
[19] R. Doc. 12 at pp. 1–4.

## II.    LEGAL STANDARD

### A. Joining Claims

Federal Rule of Civil Procedure 18 addresses the joinder of claims and provides that, "[a] party asserting a claim . . . may join, as independent or alternative claims, as many claims as it has against an opposing party."[20]  The Fifth Circuit has held that, "Rule 18(a) of the Federal Rules of Civil Procedure grants the plaintiffs complete freedom to join in a single action all claims that they may have against any of the defendants."[21]

### B. Rule 12(b)(6) Motion to Dismiss

Under Federal Rule of Civil Procedure 12(b)(6), a defendant can seek dismissal of a complaint, or any part of it, for failure to state a claim upon which relief may be granted.[22]  To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[23]  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[24]  "The plausibility standard is not akin to a

---

[20] Fed. R. Civ. P. 18(a).

[21] *In re Beef Indus. Antitrust Litig., MDL Docket No. 248*, 600 F.2d 1148, 1168 (5th Cir. 1979) (*citing* 6 C Wright & A. Miller, Federal Practice and Procedure § 1582 (1971)).  *See* 6A CHARLES ALAN WRIGHT & ARTHUR R. MILLER,  FEDERAL PRACTICE & PROCEDURE § 1582 (3d ed.) ("Except for the limitations imposed by the requirements of federal subject-matter jurisdiction, there is no restriction on the claims that may be joined in actions brought in the federal courts.") (citation omitted); *Id*. at § 1586 (3d ed.) (explaining that, "it now should be clear that the court actually has no discretion to determine what claims a party may or may not join in the pleadings," but that Fed. R. Civ. P. 42(b) "gives the court extensive discretionary power to order separate trials of claims or issues").

[22] Fed. R. Civ. P. 12(b)(6).

[23] *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007)).

[24] *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937) (quotation marks omitted).

probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully."[25]

A court must accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.[26]   The Court, however, is not bound to accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions.[27] "Dismissal is appropriate when the complaint on its face shows a bar to relief."[28] Further, "In deciding a motion to dismiss the court may consider documents attached to or incorporated in the complaint and matters of which judicial notice may be taken."[29]   A court is generally prohibited from considering information outside the pleadings, but may consider documents outside of the complaint when they are: (1) attached to the motion; (2) referenced in the complaint; and (3) central to the plaintiff's claims.[30]

## III.   ANALYSIS

At the outset, the Court rejects Foremost's argument that its claim notes may be considered by the Court.   Foremost attached to its Motion the certified insurance policy and claim notes for each property, advising "all of these documents can be considered by the Court for purposes of defendant's Rule 12 Motion since these

---

[25] *Iqbal*, 556 U.S. at 679, 129 S.Ct. at 1949 (quotation omitted).

[26] *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012) (quoting *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)).

[27] *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005).

[28] *Cutrer v. McMillan*, 308 Fed. Appx. 819, 820 (5th Cir. 2009) (quotation and internal quotation marks omitted).

[29] *U.S. ex rel. Willard v. Humana Health Plan of Texas Inc.*, 336 F.3d 375, 379 (5th Cir. 2003) (citing *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017–18 (5th Cir. 1996)).

[30] *Maloney Gaming Mgmt., LLC v. St. Tammany Parish*, 456 Fed. Appx. 336, 340–41 (5th Cir. 2011).

documents are referenced and central to plaintiff's claims against defendant."[31] Again, in its Reply brief, Foremost maintains that, "the Court is allowed to consider the relevant insurance policies and claim notes for the Court's reference and review."[32] The next sentence of the brief states, "Since the claims and policies are referenced in Plaintiff's Complaint and central to his claims against defendant, they may be considered by the Court without converting this motion to dismiss under Rule 12 to a motion for summary judgment under Rule 56."[33] Curiously, that follow-up statement that "the claims and policies are referenced in Plaintiff's Complaint . . .," seemingly backs off, whether intentionally or not, from Foremost's earlier statement that the claim notes were referenced in the Complaint. Those notes are not referenced in the Complaint, and the Court finds that it cannot consider the claim notes attached to the Motion to Dismiss.[34] Accordingly, the Court will not consider the claim notes in resolving Foremost's Motion to Dismiss.

Regarding the insurance policies attached by Foremost, the Court finds that those are referenced in Plaintiff's state court Petition and are central to Plaintiff's claims and thus may be rightfully considered by the Court. The Court further finds that it can consider the two repair estimates submitted as exhibits to the Notice of Removal[35] because they are referenced in Plaintiff's state court Petition as the proofs of loss. The repair estimates are also central to Plaintiff's claims because they show

---

[31] R. Doc. 7-1 at p. 2, n.3.
[32] R. Doc. 12 at p. 3.
[33] *Id.*
[34] R. Doc. 7-2 at pp. 1-12; R. Doc. 7-3 at pp. 1-6; R. Doc. 7-4 at pp. 1-5.
[35] R. Docs. 1-3 & 1-4.

how much Foremost allegedly owed on the policies when it allegedly owed those amounts. Thus, the Court will consider the policies and the repair estimates but will not consider the claim notes in ruling on the Motion to Dismiss.[36]

## A. Cumulation of Claims

The Court finds that Plaintiff properly included its claims concerning each of the three properties in one lawsuit pursuant to Fed. R. Civ. P. 18(a). Notably, Foremost fails to cite any legal authority to support its position that Plaintiff improperly cumulated its claims regarding three properties.[37] While Foremost claims that, "litigating all three (3) of plaintiff's cases or claims in one lawsuit unfairly prejudices defendant, confuses the fact-finder, and will unduly tax the Court's resources,"[38] it fails to offer any factual or legal basis to support its conclusory statement. As such, Foremost has failed to show that Plaintiff improperly cumulated its claims regarding the three separate properties.[39]

## B. Failure to State a Claim

Foremost further asserts that Plaintiff's state court Petition should be dismissed because it fails to comply with Fed. R. Civ. P. 8(a)(2) and 10(b) and is an

---

[36] *See C & S Properties – C, LLC v. Foremost Ins. Co. Grand Rapids, Michigan*, Civ. A. No. 24-458, 2024 WL 2022950, at *3 (E.D. La. May 7, 2024) (Vance, J.) (citing *Brand Coupon Network, LLC v. Catalina Mktg. Corp.* 748 F.3d 631, 635 (5th Cir. 2014); *Churchill v. Wright Nat'l Flood Ins.*, Civ. A. No. 23-62122, 2024 WL 1142145, at *3 (S.D. Fla. Feb. 28, 2024) (Augustin-Birch, M.J.), *report and recommendation adopted*, 2024 WL 1138269 (S.D. Fla. Mar. 15, 2024) (considering repair estimates as proof of loss on 12(b)(6) motion)).

[37] *See, generally,* R. Doc. 7-1.

[38] R. Doc. 7-1 at p. 2.

[39] As there is no motion to sever the claims before the Court, it would be premature for the Court to offer any opinion as to any such motion. *See Applewhite v. Reichhold Chemicals, Inc.*, 67 F.3d 571, 574 (5th Cir. 1995) ("[T]he district court also has discretion to sever claims under Federal Rule of Civil Procedure 42(b), in furtherance of convenience or economy, or to prevent prejudice."); *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1519 (10th Cir. 1991) (distinguishing between severance under Fed. R. Civ. P. 21 and separate trials under Fed. R. Civ. P. 42).

improper shotgun pleading.[40]  In Louisiana, a breach of contract claim has three elements: "(1) the obligor's undertaking an obligation to perform, (2) the obligor failed to perform the obligation (the breach), and (3) the failure to perform resulted in damages to the obligee."[41]  To state a claim for breach of an insurance policy, the plaintiff must specify the provisions of the policy breached.[42]  Further, to state a claim for breach of Louisiana's bad faith statutes, the plaintiff must adequately allege a breach of contract claim and include factual allegations sufficient "to plausibly conclude" that the defendant violated La. R.S. 22:1892 and La. R.S. 22:1973.[43]

Here, Plaintiff's Petition fails to identify the specific policy provisions that Foremost breached in pleading its breach of contract claim.[44]  At least one other Section of this Court has held that this failure "alone is enough to render the complaint deficient."[45]  Even setting aside that deficiency, however, the allegations in the Petition are insufficient to support a breach of contract claim.  The Petition contains only vague and conclusory allegations, and does not refer to specific actions or omissions by Foremost.[46]  For example, Plaintiff alleges that, "[u]pon notification

---

[40] R. Doc. 7-1 at pp. 2–6.

[41] *IberiaBank v. Broussard*, 907 F.3d 826, 835 (5th Cir. 2018) (quotation and internal quotation marks omitted).

[42] *Hibbets v. Lexington Ins. Co.*, 377 F. App'x 352, 355 (5th Cir. 2010) (quoting *Louque v. Allstate Ins. Co.*, 314 F.3d 776, 782 (5th Cir. 2002)) ("We have recognized that in order to allege a valid 'claim for breach of an insurance contract under Louisiana law, a plaintiff must allege a breach of a specific policy provision.'").

[43] *Hibbets*, 377 F. App'x at 355–56 ("Simply stating a conclusory allegation that [defendant]'s actions were arbitrary, or that [defendant] breached a duty, without providing factual allegations in support is insufficient to state a claim.").

[44] R. Doc. 1-2 at ¶¶ 20–24.

[45] *Engles v. Great Lakes Ins. SE*, 675 F. Supp. 3d 702, 707 (E.D. La. 2023) (Africk, J.) (citing *Omkar, LLC v. AmGUARD Ins. Co.*, 624 F. Supp. 3d 646, 652 (E.D. La. 2022) (citing *NAZ LLC v. Mt. Hawley Ins. Co.*, Civ. A. No. 21-1893, 2022 WL 1719272, at *2 (E.D. La. May 27, 2022) (Lemelle, J.))).

[46] *See* R. Doc. 1-2 at ¶¶ 22–23.

of the loss event, [Foremost] performed inspection(s) of the loss and damage to the Insured Properties, and/or received satisfactory proof of loss and damage from Plaintiff."[47]  It is unclear from this statement whether Foremost took steps to adjust the claims by performing one or more inspections, or if Plaintiff attempted to provide satisfactory proof of loss based on estimates prepared by its own consultants. Similarly, the only date referenced in the Petition is the date of the loss event, August 29, 2021.[48]  Plaintiff alleges that Hurricane Ida "caused substantial amounts of damage to the exterior, interior, roof, and other structures of the Insured Properties,"[49] that Plaintiff "provided timely notice of the loss event to Defendant,"[50] that Foremost "performed inspection(s) of the loss and damage to the Insured Properties, and/or received satisfactory proof of loss and damage from Plaintiff,"[51] and that Foremost failed "to timely and reasonably adjust the subject losses and/or pay the amount due to Plaintiff."[52] While Plaintiff alleges that Foremost breached the insurance contract by "purposely and/or negligently failing to timely tender undisputed insurance proceeds,"[53] these allegations merely "parrot the legal standards applicable to [Plaintiff's breach of contract] claims without providing factual support."[54] Accordingly, the Court finds that Plaintiff's Petition fails to state

---

[47] R. Doc. 1-2 ¶ at 10.

[48] *Id*. at ¶ 7.

[49] *Id*. at ¶ 8.

[50] *Id*. at ¶ 9.

[51] *Id*. at ¶ 10.

[52] *Id*. at ¶ 14.

[53] *Id*. at ¶ 23(i).

[54] *JMC - Tran Props. v. Westchester Surplus Lines Ins. Co.*, Civ. A. No. 22-4727, 2023 WL 2527168, at *5 (E.D. La. Mar. 15, 2023) (Africk, J.) (quoting *Omkar, LLC v. AmGUARD Ins. Co.*, 624 F. Supp. 3d 646, 652 (E.D. La. 2022)) (internal quotation marks omitted).

a breach of contract claim against Foremost.

The Court reaches the same conclusion with respect to Plaintiff's bad faith claim. The Petition fails to specify when Plaintiff notified Foremost of the loss, when Foremost responded to the notice of the loss, how Foremost responded, what has happened since Plaintiff initiated the claim, or why any unpaid portions of the claim should be considered "undisputed."[55] Information regarding the timing of these events is necessary "to determine if and when the 30-day and 60-day statutory periods began to run."[56] There are also no allegations regarding what steps, if any, Foremost took to adjust the claim, whether Foremost ever made any payments on the claim, or, if it did not make payments on the claim, why it refused to do so.[57] The Petition merely sets forth the legal standard applicable to Louisiana bad faith claims, without providing factual support for Plaintiff's allegations that Foremost "failed to adjust claims fairly and promptly" and that this failure "was arbitrary, capricious, without probable cause, made in bad faith, and a breach of Defendant's obligations."[58] The Court therefore finds that the Petition fails to state a bad faith claim against Foremost.

---

[55] R. Doc. 1-2 at ¶ 27. *See JMC - Tran Props. v. Westchester Surplus Lines Ins. Co.*, Civ. A. No. 22-4727, 2023 WL 2527168, at *5 (E.D. La. Mar. 15, 2023) (Africk, J.) (finding complaint failed to state a bad faith claim when it did not state when defendant received satisfactory proof of loss, when inspections took place, any amounts paid on insurance claim, or why unpaid portions should be considered undisputed).

[56] *JMC - Tran Props*, Civ. A. No. 22-4727, 2023 WL 2527168 at *5.

[57] *See NAZ LLC v. Mt. Hawley Ins. Co.*, No. 21-1893, 2022 WL 1719272, at *3 (E.D. La. May 27, 2022) ("Simply stating a conclusory allegation that [defendant]'s actions were arbitrary or that [defendant] breached a duty, without providing factual allegations in support, is insufficient to state a claim.").

[58] R. Doc. 1-2 at ¶¶ 27 & 28.

### C. Leave to Amend

In its Opposition brief, Plaintiff requests leave to amend its Petition if the Court agrees with Foremost that the Petition is deficient.[59]  While the Court will "freely give leave [to amend] when justice so requires,"[60] leave to amend "is by no means automatic."[61]  In exercising its discretion, this Court may consider such factors as "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment."[62]  "An amendment is futile if it would fail to survive a Rule 12(b)(6) motion."[63]

There is no indication in this case that Plaintiff has acted in bad faith, with a dilatory motive, or that it has caused undue delay in this matter by requesting leave to amend.  Further, Plaintiff has not previously amended its Petition, and Foremost has not alleged that granting Plaintiff leave to amend would cause undue prejudice.[64]  Indeed, the matter may proceed in the Court's Streamlined Settlement Program once Plaintiff properly amends its pleading.  In fact, Foremost agrees that, if the Court does not dismiss Plaintiff's state court Petition, Plaintiff should be required to litigate its property damage claims in separate lawsuits "and that plaintiff be required to

---

[59] R. Doc. 10 at p. 8.

[60] Fed. R. Civ. P. 15(a).

[61] *Halbert v. City of Sherman, Tex.*, 33 F.3d 526, 529 (5th Cir. 1994) (citation omitted).

[62] *Nolan v. M/V SANTE FE*, 25 F.3d 1043 (5th Cir. 1994) (citing *Gregory v. Mitchell*, 635 F.2d 199, 203 (5th Cir. 1981)).

[63] *Marucci Sports, L.L.C. v. National Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014) (citation omitted).

[64] *See* R. Doc. 12.

amend its pleadings to specify any detailed, [sic] causes of action against this defendant."[65]

While Plaintiff has failed to explain *how* it would amend its Petition, if granted leave to do so, the Court finds it appropriate to grant Plaintiff's request for leave to amend its Petition to address the deficiencies raised by Foremost's Motion to Dismiss. Plaintiff shall have fourteen (14) days to file an amended petition addressing the deficiencies raised as to the sufficiency of its breach of contract and bad faith claims. If Plaintiff fails to amend its Petition within that time, the Court will dismiss with prejudice Plaintiff's breach of contract and bad faith claims in accordance with this Order and Reasons.

## IV.    CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that the Motion to Dismiss Pursuant to Federal Rule 12[66] is **GRANTED.**

**IT IS FURTHER ORDERED,** however, that C & S Properties – I, LLC shall have **fourteen (14) days** from the date of this Order to file an amended pleading that addresses the deficiencies raised in the Motion to Dismiss regarding the sufficiency of its breach of contract and bad faith claims.  If C & S Properties – I, LLC files an amended pleading that complies with this Order and Reasons, this matter will immediately be ordered back into the Court' Streamlined Settlement Program. If, however, C & S Properties – I, LLC fails to timely file an amended pleading, the

---

[65] R. Doc. 12 at pp. 4–5.
[66] R. Doc. 7.

Court will issue an order dismissing with prejudice its breach of contract and bad faith claims against Foremost Insurance Company Grand Rapids, Michigan.

New Orleans, Louisiana, January 10, 2025.

**WENDY B. VITTER**
**United States District Judge**